```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MAE J. PORCELLI, CAROLYN PORCELLI,
and RICHARD PORCELLI,

                  Plaintiffs,

vs.                            Case No.  2:02-cv-303-FtM-33DNF

ONEBEACON INSURANCE COMPANY, F/K/A
GENERAL ACCIDENT INSURANCE COMPANY,

                  Defendant.
_____

### ORDER

This matter comes before the Court on Defendant's Dispositive Motion for Summary Judgment (Doc. #55), Defendant's Motion for Reconsideration of Court Order Dated July 30, 2004 (Doc. #55), Plaintiff's Dispositive Motion for Summary Judgment (Doc. #59), and Plaintiff's Motion for Enlargement of Time to File Motion for Summary Judgment (Doc. #62).

### I. Background

Pursuant to an insurance contract, Onebeacon agreed to insure the Porcellis' residence and its contents. (Doc. #2 at ¶¶2-3). Subsequent to entering the contract, a water leak damaged the Porcellis' residence. (Doc. #33 at ¶2). Seeking to enforce the contract, the Porcellis sought a payout from Onebeacon. (Doc. #33 at ¶3). In response to the request, Onebeacon agreed to pay a portion of the solicited payout, but not the entire amount. (Doc. #55 at ¶7). Displeased with Onebeacon's response, the Porcellis

invoked their contractual right to an appraisal. (Doc. #55 at ¶7). Following two independent inspections, one by the Porcellis' appraiser and one by Onebeacon's appraiser, the appointed umpire determined that it would cost $285,430.00 to remedy the damage to the residence. (Doc. #33, Exhibit 6).

During the appraisal there was one main issue of contention: whether the residence was damaged to the point that it was necessary to bring the residence into compliance with the local ordinances or laws of Charlotte County, Florida. (Doc. #37 at ¶¶3-4) On this issue, Onebeacon's appraiser felt the damage failed to reach this level while the Porcellis' appraiser believed that the extensive damage warranted compliance. (Doc. #37 at ¶4). Siding with the Porcellis' appraiser, the umpire determined that sufficient damage existed to warrant compliance with local government building standards. (Doc. #37 at ¶4). Resting on this finding, the umpire included in the appraisal the additional costs associated with compliance with local government standards. (Doc. #37 at ¶4).

After publication of the appraisal, Onebeacon paid the difference between the amounts previously paid to the Porcellis and those owing on the basic policy. (Doc. #55 at ¶3). However, in addition to the basic coverage, the Porcellis had purchased supplemental coverage —law or ordinance coverage. (Doc. #33, Exhibit 1, HO 04 77 06 94). Under the terms of the supplemental

coverage, the Porcellis paid an additional $66.00 in exchange for Onebeacon's promise to recompense any further expenses related to compliance with local building laws or ordinances. (Doc. #33, Exhibit 1, HO 04 77 06). These compliance expenses were included in the umpire's estimated repair cost; however, Onebeacon has refused to pay the additional coverage until the Porcellis expend funds to achieve compliance with the local building codes. (Doc. #55 at ¶11). Defending this position, Onebeacon points to the wording in the contract. (Doc. #55 at ¶11). Specifically, Onebeacon directs the Court to the word "incur" —the word included in the endorsement for additional coverage. (Doc. #55 at ¶11). After providing the definition of "incur", Onebeacon argues that by its definition the word "incur" requires that the Porcellis expend their own resources on code related repairs before Onebeacon is required to compensate them for those repairs. (Doc. #55 at ¶¶11-13).

In a previous order[1], the Court addressed this argument and rejected it. (Doc. #44 ¶7). Relying on Eleventh Circuit precedent —<u>Three Palms Pointe, Inc. v. State Farm Fire & Casualty Co.</u>, 362 F.3d 1317 (11th Cir. 2004)— the Court found that the appraisal amount controls. (Doc. #44 at ¶7). Again relying on <u>Three Palms</u>,

---

[1] On September 20, 2004, the present case was reassigned to the undersigned. Before the reassignment, the Honorable John E. Steele served as the presiding judge. Thus, orders entered before September 20, 2004 were authored by Judge Steele.

the Court refused to entertain Onebeacon's argument that additional coverage is not owed until the code related repairs are made. (Doc. #44 at ¶7). Thus, while the Court denied the Porcellis' earlier motion for summary judgment —the above referenced "previous order"— the Court found that Onebeacon was liable for the additional coverage. (Doc. #44 at ¶¶7-8). In fact, on this issue, the sole reason the Court did not grant summary judgment was because the record did not reflect the exact amount of Onebeacon's additional liability under the law or ordinance endorsement. (Doc. #44 at ¶8). However, since entry of its earlier order that amount has been determined —25% of coverage A's policy limit, $157,600.00, or $39,400.00. (Doc. #55 at ¶4).

Along with its motion for summary judgment, Onebeacon moves the Court to reconsider its earlier order. As a basis for this reconsideration, Onebeacon argues that <u>Three Palms</u> is no longer controlling. (Doc. #55 at ¶6). Instead, Onebeacon argues that <u>Liberty American Insurance Company v. Kennedy</u>, 890 So. 2d 539 (Fla. 2d DCA 2005), now controls. (Doc. #55 at ¶6). The court addresses this contention below.

## II. Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law." FED. R. CIV. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. Of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffrey v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(citing Celotex, 477 U.S. at 324). If there is a conflict between the parties' allegations or

evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing Augusta Iron & Steel Works, Inc. v. Employers Insurance of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)).

### III. Analysis

After examining the documents submitted to the Court and upon assurances of the parties, the Court is satisfied that no genuine issue of material fact exists. Thus, the Court is faced with a purely legal question or in this case two: (1) can the Court entertain Onebeacon's coverage defense; and if so (2) are the Porcellis entitled to payment of the additional coverage before making the repairs. As to the first question, the Court finds that it is bound by the Florida Supreme Court's decision in State Farm Fire and Casualty Company v. Licea, 685 So. 2d 1285 (Fla. 1996), and the Eleventh Circuit's reading of Licea in Three Palms. As such, the second question is moot.

A federal court sitting in diversity must apply the law of the forum in which it sits. <u>Later v. Conn. Mut. Life Ins. Co.</u>, 38 F.3d 538, 540 (11th Cir. 1994). In determining state law, a court should look to the state's highest court for guidance. <u>See</u> <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938). Only when the highest state court has not spoken will the court consult intermediate state appellate courts. <u>See</u> <u>Fidelity Union Trust Co. V. Field</u>, 311 U.S. 169, 177-178 (1940).

Here, the state's highest court —the Florida Supreme Court— has spoken. Moreover, on the issue of post-appraisal coverage defenses, the Florida Supreme Court spoke explicitly, ruling that:

> Where there is a demand for an appraisal under the policy, the only "defenses" which remain for the insurer to assert are that there is no coverage under the policy for the loss as a whole or that there has been a violation of the usual policy conditions such as fraud, lack of notice, and failure to cooperate.

<u>Licea</u>, 685 So. 2d at 1288. Accepting this language, as the Court is Erie-bound to do, the Court recognizes that it must grant Plaintiff's motion for summary judgment. In reaching this decision, the Court is further aided by the Eleventh Circuit's decision in <u>Three Palms</u> —where on similar facts the court followed the Florida Supreme Court's guidance in <u>Licea</u> and restricted the defendant insurance company to a "whole loss" defense. After referencing both <u>Licea</u> and <u>Three Palms</u>, the Court accepts that it

is Erie-bound and likely precedent-bound to grant the Plaintiff's summary judgment.[2]

While the Court finds the Kennedy court's reasoning persuasive, it cannot overcome the Florida Supreme Court's explicit language limiting post-appraisal defenses to a "whole loss" defense. So, like the court in Three Palms, the Court must accept the plain meaning of the Florida Supreme Court's decision in Licea.[3] Accordingly, under the compulsion of precedent and Erie jurisprudence, the Court grants Plaintiff's Motion for Summary Judgment.[4]

---

[2] In diversity cases, the circuits are split as to the binding effect of circuit court precedent construing state law. See Jed I. Bergman, Note, Putting Precedent in its Place: Stare Decisis and Federal Predictions of State Law, 96 Colum. L. Rev. 969, 992-95 (1996). To the Court's knowledge, the Eleventh Circuit has not spoken on this specific issue. Despite this, the Court finds that on these facts —state supreme court has spoken on the issue, used explicit language, and the circuit court of appeals followed the plain meaning of the explicit language— a district court should be expected to follow this precedent.

[3] "The highest court of a state is the final arbiter of what is state law. When it speaks, its pronouncement is accepted by federal courts as defining state law unless it later gives clear and persuasive indication that its pronouncement is modified, limited, or restricted." West v. American Tel. & Tel. Co., 311 U.S. 223 (1940).

[4] Believing this to be an important issue and one in need of clarification, the Court recommends that if this issue is appealed that the Eleventh Circuit certify to the Florida Supreme Court the question: are post-appraisal defenses limited to a "whole loss" defense? In Lehman v. Schein, 416 U.S. 386, 390-91 (1974), the Supreme Court touted the benefits of certification. If permitted, the Court would have itself certified the question; however, Florida's certification procedure limits the ability to certify to
(continued...)

### IV. Extension of Time to File

Pursuant to Fed. R. Civ. P. 16(b)(6), upon finding of good cause, the Court may modify an earlier established scheduling order. Here, the Court finds good cause to extend the date for filing dispositive motions from April 1, 2005 to April 15, 2005. Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendant's Dispositive Motions for Summary Judgment (Doc. #55) and Motion for Reconsideration of Court Order Dated July 30, 2004 (Doc. #55) are DENIED.

2. Plaintiff's Dispositive Motion for Summary Judgment (Doc. #59) is GRANTED.

3. Plaintiff's Motion for Enlargement of Time to File Motion for Summary Judgment (Doc. #62) is GRANTED.

3. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this 20th day of September, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[4] (...continued)
courts of appeal or higher. See Fla. Stat. § 25.031 (limiting the availability of certification procedure to circuit courts of appeal or higher).

Copies:

All Counsel of Record