# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

MAE J. PORCELLI, CAROLYN
PORCELLI, and RICHARD PORCELLI,

     **Plaintiffs,**

-vs-            Case No.  2:02-cv-303-FtM-33DNF

ONEBEACON INSURANCE COMPANY,
F/K/A GENERAL ACCIDENT
INSURANCE COMPANY,

     **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DETERMINATION OF ATTORNEY'S FEES (Doc. No. 77)** |
| **FILED:** | **August 14, 2006** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED.** | |

   The Plaintiffs, Mae J. Porcelli, Carolyn Porcelli, and Richard Porcelli are requesting that the

Court award attorney's fees and costs, and even though not in the title of the Motion, the Plaintiffs are

also asking for prejudgment interest on the amount of the appraisal award from the date of loss to

payment.  The Defendant raises the argument that the Motion for Determination of Attorney's Fees

is untimely.

-1-

**I.  Attorney Fees and Costs**

This is an action to recover on an insurance agreement for property damage.  The Plaintiffs alleged that the Defendant, OneBeacon Insurance Company breached its insurance contract with the Plaintiffs.  (See, Doc. 2, the Complaint).  The action was abated on October 16, 2002, during the appraisal process. (See, Order, Doc. 25 administratively closing the case).  On May 18, 2004, the case was reopened.  (See, Order, Doc. 42).   The District Court entered an Order (Doc. 74) on September 20, 2005, which denied the Defendant's Motion for Summary Judgment, granted the Plaintiffs' Motion for Summary Judgment and directed the Clerk to enter Judgment.   No judgment was entered immediately after the Order was entered, rather, a  Judgment (Doc. 75) was entered by the Clerk on July 18, 2006, approximately 10 months later.  On August 14, 2006, the Plaintiffs filed their Motion for Determination of Attorney's Fees.

**A.  Timeliness**

Pursuant to Fed.R.Civ.P. 54(d)(2)(B), "[u]nless otherwise provided by statute or order of the court, the motion [for attorney's fees] must be filed no later than 14 days after entry of judgment." Local Rule 4.18(a) of the Local Rules of the Middle District of Florida provides as follows:

> In accordance with Fed.R.Civ.P. 54, all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment.  The pendency of an appeal from the judgment shall not postpone the filing of a timely application pursuant to this rule.

The Plaintiffs filed their Motion for Determination of Attorney's Fees twenty-seven (27) days after the date of entry of a Judgment by the Clerk.  The Plaintiffs concede that their Motion for Determination

-2-

of Attorney's Fees (Doc. 77) was filed untimely.  Counsel for the Plaintiffs states that he "deliberately calendared 30 days from the date of the Final Judgment in conformity with Florida Rules of Civil Procedure rather than 14 days as stated in the Federal Rules of Civil Procedure."  Counsel argues that the error was excusable neglect.

> Federal Rule of Civil Procedure 6(b) provides in part as follows:
>
> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

The Plaintiffs are asking the Court to consider their motion as timely based upon excusable neglect. Under Rule 6(b), the Court may enlarge a period of time and permit an untimely filing where the omission is a result of excusable neglect. *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 390 (1993). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. at 391-92.  To determine if the neglect was excusable, a court must look to the danger of prejudice to the nonmovant, the length of the delay and its impact on the proceedings, and  the reason for the delay including whether the movant acted in good faith and whether the delay was within the reasonable control of the movant. *Id*. at 425.

The Eleventh Circuit has established that an attorney's error which is based upon a misunderstanding of the law is not a sufficient basis for excusing the failure to comply with a deadline.

*Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997).  The Eleventh Circuit found "no circuit that has considered the issue after *Pioneer* has held that an attorney's failure to grasp the relevant procedural law is 'excusable neglect.'"  *Id*. (citations omitted).  "[A]s a matter of law, [] an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline.  Nothing in *Pioneer* indicates otherwise, and we believe that the law in this area remains as it was before *Pioneer*." *Id*.

In the instant case, counsel for the Plaintiffs asserts that he followed Florida procedural law and not the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida. Generally, this does not establish excusable neglect.  Further, the Court considered other factors based upon a review of the procedural history of this case.

The District Court entered its Order (Doc. 74) on September 20, 2005 on the pending motions for summary judgment.  The Order (Doc. 74) concluded with the language, "[t]he Clerk of the Court shall enter judgment accordingly and close the file."  This Order (Doc. 74) resolved all of the issues in the case with the exception of the question of attorneys fees and costs.  The parties did not file a motion to have judgment entered by a separate document as is permitted pursuant to Fed.R.Civ.P. 58(d).  The Clerk's Office did not comply with the Order (Doc. 74) until July 18, 2006, when it entered a Judgment (Doc. 75).

Rule 58(a)(1) requires that "[e]very judgment and amended judgment must be set forth on a separate document" with certain delineated exceptions.[1]  Rule 58(b), Fed.R.Civ.P. also provides in part:

(b) **Time of Entry**.  Judgment is entered for purposes of these rules:

(1) if Rule 58(a)(1) does not require a separate document, when it is entered in the civil docket under Rule 79(a), and

(2) if Rule 58(a)(1) requires a separate document, when it is entered in the civil docket under Rule 79(a) and when the earlier of these events occurs:
   (A) when it is set forth on a separate document, or
   (b) when 150 days have run from entry in the civil document under Rule 79(a).

In the instant case, a separate judgment was required to be entered.  *See,* Fed.R.Civ.P. 58.  The earlier event was 150 days passing from September 20, 2005.  *See*, *Joseph v. Leavitt*, 1006 WL 2615313, *2 (2d Cir. 2006), *Browning v. Salmon*, 143 Fed. Appx. 917, 919 (10th Cir. 2005), and *Funk v. LFLM Defendants*, 382 F.3d 1058, 1063 (10th Cir. 2004).  In the instant case, the judgment became final 150 days after September 20, 2005, which was February 17, 2006.  From February 17, 2006, the Plaintiffs had 14 days to file their Motion for Determination of Attorney's Fees, and request costs.  The Plaintiffs filed their Motion for Determination of Attorney's Fees (Doc. 77) on August 14, 2006 which was months after the judgment became final in this case.  The Court determines that the Plaintiffs have

---

[1]  The exceptions are when a court makes a determination on the filling motions: "(A) for judgment under Rule 50(b); (B) to amend or make additional findings of fact under Rule 52(b); (C) for attorney fees under Rule 54; (D) for a new trial, or to alter or amend the judgment under Rule 59); or (E) for relief under Rule 60." Fed.R.Civ.P. 58(a)(1).

failed to establish excusable neglect[2].  The Court recommends that the Motion for Determination of
Attorney's Fees and costs be denied as untimely.

## II.  Prejudgment Interest

In one sentence in the Motion for Determination of Attorney's Fees (Doc. 77, p. 4) the
Plaintiffs state that they are entitled to recover prejudgment interest on the amount of the appraisal
award from the date of loss to the date of payment, citing state law cases.  The Defendant did not
respond to this one sentence.  Timeliness is again at issue.  If a court is mandated to award
prejudgment interest based upon the law, then its omission from the judgment may be corrected as a
clerical error by filing a motion pursuant to Fed.R.Civ.P. 60(a).  *Mezzalingua Associates, Inc. v. Antec
Corp.*, 2002 WL 32107641, *1 (M.D. Fla. 2002).  If an award of prejudgment interest is not mandated,
then the decision to award prejudgment interest is left to the discretion of the presiding judge and the
motion requesting prejudgment interest must be made pursuant to Fed.R.Civ.P. 59(e).  In the instant
case, the Plaintiffs did not identify under which rule of procedure that they were filing their request.

Under Florida law, when damages are liquidated, then prejudgment interest is considered an
element of those damages as a matter of law.  *Perdue Farms Inc. v. Hook*, 777 So.2d 1047, 1054 (Fla.
2nd DCA 2001).  However, this rule is not absolute, and Florida courts have determined that the
awarding of interest is "'given in response to considerations of fairness.  It is denied when its exaction
would be inequitable.'"  *Id.*, (citing *Flack v. Graham*, 461 So.2d 82, 84 (Fla. 1984)).  Based upon
Florida case law, the awarding of prejudgment interest is discretionary and would fall under

---

[2]  The Plaintiffs had numerous opportunities to file their motions, 14 days from the 150
days, and perhaps, arguably 14 days after the date the Clerk entered a Judgment relying on the
language in Fed.R.Civ.P. 54.

Fed.R.Civ.P. 59(e)[3].  Pursuant to Rule 59(e), a Motion to Alter or Amend Judgment must be filed "no later than 10 days after entry of the judgment."  Fed.R.Civ.P. 59(e).  The Court decided above that judgment became final on February 17, 2006.  The Court determines that the Plaintiffs have failed to establish excusable neglect for their untimely request for prejudgment interest. The Court recommends that the request for prejudgment interest be denied as it is clearly untimely.


### III.  Conclusion

The Court respectfully recommends that the Motion for Determination of Attorney's Fees and costs  (Doc. 77) be denied as untimely, and the request for prejudgment interest be denied as untimely.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  26th  day of  October ,
2006.



_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies:

All Parties of Record

---

[3] Even if Florida law applied to the procedural aspects of this case, the Plaintiffs' request would be untimely.  In Florida, a request for prejudgment interest must be made in compliance with Florida Rule of Civil Procedure 1.530(b) which allows for a motion for rehearing or amendments of judgments to be filed within the ten-day period from the date of filing of the judgment. *See, Wyatt v. Milner Document Products, Inc.*, 932 So.2d 487, 489 (Fla. 4th DCA 2006).